LETTS, Judge,
specially concurring.
Without in any way disagreeing with Judge Dauksch, I would add that the answer and counterclaim filed by the property owner, alleged with crystal clarity that the property owners did not have any dealings with any other broker until after the expiration of the period covered by the exclusive right of sale agreement. Moreover, the date of the eventual sales contract, procured through the efforts of another broker, is alleged to be dated after said expiration date. Further, the property owner has inclyided an affidavit to confirm all of the foregoing.
It is true that the requests for admissions filed by the broker (and which were admitted) might have been construed by the trial judge to be an admission by the property owner that the original exclusive listing agreement was still in force on the date when the eventual contract of sale was entered into; however, said admissions are really only confirming what the exclusive listing contract purported to say under its own terms, and such is not an admission that the contract remained in force after the expiration date claimed by the property owner.
There is also a question of mixed law and fact as to what the parties intended under the original exclusive right of sale agreement, the relevant printed portion of which stated:
I hereby give [the broker] for a period of _months from this date (and thereafter until this agreement is revoked by ten day’s written notice delivered to you) the sole right and authority to find a purchaser .
Into the blank space in the above quoted passage has been inserted the arabic numeral “3”, and the property owner is claiming that it was a three month exclusive which he gave. The broker, on the other hand, is claiming that the exclusive listing was forever until revoked in writing. It would be inappropriate at this juncture to rule on that, but suffice it to say that it is not clear to me that this contract should be interpreted to continue in perpetuity, and the wording is not susceptible to a summary judgment in favor of the broker in the light of the property owner’s affidavit to the contrary.
As to the question of whether or not a broker may file his lis pendens to assist him collect a brokers commission, in the light of § 475.42(1)(j) Florida Statutes (1975), such is moot in this case, as appellants themselves admit. Accordingly, we need not *767 pass on this question, except to note that if appellants want their pound of flesh in this regard, as indeed they appear to, then an ideal forum in this instance would be the Florida Real Estate Commission.